IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal Action Number |
| v. | ) | **2:05-cr-0448-UWC** |
| | ) | |
| **JOSE REYNALDO MIRAMONTES,** | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO SUPPRESS**

On October 4, 2005, Hoover Police Officer Ted Davis and Jefferson County Deputy Sheriff W.M. Schuelly were working Interstate 20 when they were contacted by other law enforcement officers and informed that the latter officers had intercepted a Mercury Marquis which they believed to be a "load or decoy" vehicle for the transportation of drugs. The officers alerted Davis and Schuelly to be on the lookout for a blue Chevrolet van, which they suspected to be involved in the drug operation.

Within a few minutes of the call, Davis and Schuelly spotted the blue Chevrolet van, which was being driven by the Defendant. The Defendant's

vehicle was being driven at a lawful rate of speed in the flow of traffic.  When the Defendant's vehicle changed from the middle to the right lane, the officers stopped the vehicle for "following too closely."  In point of fact, Davis did not believe that the vehicle was "follow[ing] another vehicle more closely than [was] reasonable and prudent."  *See* Ala. Code § 32-5A-89(a).  Regardless of whether not the vehicle was violating a traffic law, the officers would have stopped it.

The entire transaction between the officers and the Defendant was videotaped.  The videotape does not reflect that the Defendant was following another vehicle more closely than is reasonable and prudent; but it does reflect that the distance between the Defendant's vehicle and the vehicle it followed was less than 20 feet for each 10 miles per hour of speed.  *Id.*

After the subjectively pretextual stop, the Defendant consented to a search of his vehicle, which ultimately revealed the presence of eight kilograms of cocaine.

On these facts, the Court finds that the stop was lawful based on the distances required by Alabama's "following too closely" statute.[1]  Under the

---

[1] **§ 32-5A-89.  Following too closely**

(a)  The driver of a motor vehicle shall not follow another more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway. Except when overtaking and passing another vehicle, the driver of a

statute, where a vehicle is being driven at 60 miles per hour there must be at least a 120 feet distance between the vehicle and the one ahead of it.[2]

There is no merit to the Defendant's contentions that: (1) the several-hours search (which included transporting the Defendant's vehicle to another location where the gas tank was dismantled) exceeded the scope of the consent); and (2) the Defendant's detention during the search of his vehicle was unreasonable.

For these reasons, the Defendant's Motion to Suppress is hereby DENIED.

Done this 3rd day of February , 2006.

_____
U.W. Clemon
Chief United States District Judge

---

vehicle shall leave a distance of at least 20 feet for each ten miles per hour of speed between the vehicle that he is driving and the vehicle that he is following.

[2] It is the Court's observation that the required distances are more often ignored by motorists than respected, the wisdom of the statutory requirements is a matter in the exclusive province of the Alabama Legislature.